# Exhibit A

LIMITED GUARANTY

GUARANTY, dated as of May 20, 1997 by Charles E. Bradley, Sr of 31 Indian Spring Trail, Darien, Connecticut 06820 and Charles E. Bradley, Jr. of 509 Emerald Bay, Laguna Beach, California 92651 (jointly and severally the "Guarantors"), in favor of Jonathan H. Pardee, having an office at 226 Bellevue Avenue, Newport, Rhode Island 02840, Dunbar/Wheeler Trust u/a 4/28/86, as amended 5/31/94 of c/o David T. Totman, Esq. 59 Elm Street, New Haven, Connecticut 06510, Jonathan H. Pardee Charitable Remainder Trust u/a May 17, 1997 of 226 Bellevue Avenue, Newport, Rhode Island 02840 and Ogden H. Sutro having an office at 226 Bellevue Avenue, Newport, Rhode Island, 02840 (jointly and severally the "Indemnitees").

For good and valuable consideration, including without limitation the sale by certain of the Indemnitees of the issued and outstanding capital stock of Settlement Services Treasury Assignments, Inc., a Rhode Island corporation (the "Company") to SST Acquisition Corp., a newly formed Delaware corporation the common stock of which is 85% owned by the Guarantors (the "Purchaser") which will enable the Purchaser to provide financing for Consumer Portfolio Services Inc., a California corporation (the "Indemnitor") of which the Guarantors are principal stockholders and in consideration of the benefits provided to the Guarantors through the foregoing acquisition, the Guarantors agree as follows

1. GUARANTY OF PAYMENT AND PERFORMANCE. The Guarantors hereby jointly and severally guarantee to the Indemnitees the full and punctual payment when due (whether at maturity, by acceleration or otherwise), and the performance, of all indemnification obligations of the Company, the Purchaser and the Indemnitor to the Indemnitees contained in that certain Stock Purchase Agreement (the "Agreement") among the Indemnitees, the Purchaser and the Indemnitor of even date herewith (the "Obligations"). This Guaranty is an absolute, unconditional and continuing guaranty of the full and punctual payment and performance of the Obligations and not of their collectibility only and is in no way conditioned upon any requirement that the Indemnitees first attempt to collect any of the Obligations from the Company, the Purchaser or the Indemnitor or resort to any security or other means of obtaining payment and performance of the Obligations. Should the Company, the Purchaser or the Indemnitor fail to pay or perform any of the Obligations when due, the obligations of the Guarantors hereunder shall become immediately due and payable to the Indemnitees, without demand or notice of any nature, all of which are expressly waived by the Guarantors. Payments by the Guarantors hereunder may be required by the Indemnitees on any number of occasions.

2. LIMITED GUARANTY. The liability of the Guarantors hereunder shall be limited to an aggregate of Five Million Dollars ($5,000,000).

3. WAIVERS BY GUARANTORS; INDEMNITEES' FREEDOM TO ACT. The Guarantors agree that the Obligations will be paid and performed strictly in accordance with

their respective terms regardless of any law, regulation or order now or hereafter in effect in any jurisdiction affecting any of such terms or the rights of the Indemnitees with respect thereto. The Guarantors waive presentment, demand, protest, notice of acceptance, notice of Obligations incurred and all other notices of any kind, all defenses which may be available by virtue of any valuation, stay, moratorium law or other similar law now or hereafter in effect, any right to require the marshaling of assets of the Company, the Purchaser or the Indemnitor , and all suretyship defenses generally. Without limiting the generality of the foregoing, the Guarantors agree to the provisions of any instrument evidencing, securing or otherwise executed in connection with any of the Obligations and agree that the obligations of the Guarantors hereunder shall not be released or discharged, in whole or in part, or otherwise affected by (i) the failure of the Indemnitees to assert any claim or demand or to enforce any right or remedy against the Company, the Purchaser or the Indemnitor; (ii) any extensions or renewals of any of the Obligations; (iii) any rescissions, waivers, amendments or modifications of any of the terms or provisions of any agreement evidencing, securing or otherwise executed in connection with any of the Obligations; (iv) the substitution or release of any entity primarily or secondarily liable for any of the Obligations; (v) the adequacy of any rights the Indemnitees may have against any collateral or other means of obtaining repayment of the Obligations; (vi) the impairment of any collateral securing the Obligations, including without limitation the failure to perfect or preserve any rights the Indemnitees might have in such collateral or the substitution, exchange, surrender, release, loss or destruction of any such collateral; or (vii) any other act or omission which might in any manner or to any extent vary the risk of the Guarantors or otherwise operate as a release or discharge of the Guarantors, all of which may be done without notice to the Guarantors.

4. <u>UNENFORCEABILITY OF OBLIGATIONS AGAINST PURCHASER AND INDEMNITOR</u>. If for any reason the Company, the Purchaser or the Indemnitor has no legal existence or is under no legal obligation to discharge any of the Obligations, or if any of the Obligations have become irrecoverable from the Company, the Purchaser or the Indemnitor by operation of law or for any other reason, this Guaranty shall nevertheless be binding on the Guarantors to the same extent as if the Guarantors at all times had been the principal obligor on all such Obligations. In the event that acceleration of the time for payment of the Obligations is stayed upon the insolvency, bankruptcy or reorganization of the Company, the Purchaser or the Indemnitor , or for any other reason, all such amounts otherwise subject to acceleration under the terms of any agreement evidencing, securing or otherwise executed in connection with any of the Obligations shall be immediately due and payable by the Guarantors.

5. <u>SUBROGATION; SUBORDINATION</u>. Until the payment and performance in full of all Obligations and any and all obligations of the Company, the Purchaser or the Indemnitor to the Indemnitees, the Guarantors shall not exercise any rights against the Company, the Purchaser or the Indemnitor arising as a result of payment by the Guarantors hereunder, by way of subrogation or otherwise, and will not prove any claim in competition with any of the Indemnitees in respect of any payment hereunder in bankruptcy or insolvency proceedings of any nature; the Guarantors will not claim any set-off or counterclaim against

the Company, the Purchaser or the Indemnitor in respect of any liability of the Guarantors to the Company, the Purchaser or the Indemnitor; and the Guarantors waive any benefit of and any right to participate in any collateral which may be held by any of the Indemnitees. The payment of any amounts due with respect to any indebtedness of the Company, the Purchaser or the Indemnitor now or hereafter held by any of the Guarantors is hereby subordinated to the prior payment in full of the Obligations; provided that prior to a default in the payment or performance of the Obligations, the Guarantors may receive payments on account of such indebtedness. The Guarantors agree that after the occurrence of any default in the payment or performance of the Obligations, the Guarantors will not receive, demand, sue for or otherwise attempt to collect any such indebtedness of the Company, the Purchaser or the Indemnitor to any of the Guarantors until the Obligations shall have been paid in full. If, notwithstanding the foregoing sentence, any of the Guarantors shall collect, enforce or receive any amounts in respect of such indebtedness, such amounts shall be collected, enforced and received by the Guarantors as trustee for the Indemnitees and be paid over to the Indemnitees on account of the Obligations without affecting in any manner the liability of the Guarantors under the other provisions of this Guaranty.

6. FURTHER ASSURANCES. The Guarantors agree that each of them will, on the date hereof and from time to time (but no more often than every 6 months) at the request of any of the Indemnitees after occurrence of a default in payment of the Obligations, provide to the Indemnitees his most recent federal income tax returns and unaudited personal financial statements and such other information relating to the business and affairs of the Guarantors as the Indemnitees may reasonably request. All of such information shall be delivered subject to confidentiality restrictions. The Guarantors also agree to do all such things and execute all such documents, as the Indemnitees may consider necessary or desirable to give full effect to this Guaranty and to perfect and preserve the rights and powers of the Indemnitees hereunder.

7 REINSTATEMENT. This Guaranty shall remain in full force and effect until all of the Obligations have been fully and finally satisfied and performed This Guaranty shall continue to be effective or be reinstated if at any time any payment made or value received with respect to any Obligations is rescinded or must otherwise be returned by any of the Indemnitees upon the insolvency, bankruptcy or reorganization of the Company, the Purchaser or the Indemnitor, or otherwise, all as though such payment had not been made or value received.

8. SUCCESSORS AND ASSIGNS. This Guaranty shall be binding upon each of the Guarantors, his heirs, administrators, executors, successors and assigns, and shall inure to the benefit of and be enforceable by each of the Indemnitees and his or its heirs, administrators, executors, successors and assigns. Without limiting the generality of the foregoing sentence, each of the Indemnitees may assign or otherwise transfer any agreement or any instrument held by him or it evidencing, securing or otherwise executed in connection with the Obligations, to any other person or entity, and such other person or entity shall thereupon become vested, to the extent set forth in the agreement evidencing

such assignment or transfer, with all the rights in respect thereof granted to the Indemnitees herein.

9. AMENDMENTS AND WAIVERS. No amendment or waiver of any provision of this Guaranty nor consent to any departure by any of the Guarantors therefrom shall be effective unless the same shall be in writing and signed by the Indemnitees. No failure on the part of any of the Indemnitees to exercise, and no delay in exercising, any right hereunder shall operate as a waiver thereof, nor shall any single or partial exercise of any right hereunder preclude any other or further exercise thereof or the exercise of any other right.

10. NOTICES. All notices and other communications called for hereunder shall be made in writing and, unless otherwise specifically provided herein, shall be deemed to have been duly made or given when delivered by hand or mailed first class mail postage prepaid addressed as follows: if to the Guarantors, at the address set forth beneath each of their signatures hereto, and if to the Indemnitees, at the addresses set forth in the preamble to this Guaranty, or at such address as any party may designate to the others in writing

11. GOVERNING LAW; CONSENT TO JURISDICTION. This Guaranty is intended to take effect as a sealed instrument and shall be governed by, and construed in accordance with, the laws of the State of Rhode Island. The Guarantors agree that any suit for the enforcement of this Guaranty may be brought in the courts of the State of Rhode Island or any Federal Court sitting therein and consent to the non-exclusive jurisdiction of such court and to service of process in any such suit being made upon the Guarantors by mail at the address specified in Section 11 hereof. The Guarantors hereby waive any objection that either of them may now or hereafter have to the venue of any such suit or any such court or that such suit was brought in an inconvenient court.

12. MISCELLANEOUS. This Guaranty constitutes the entire agreement of the Guarantors with respect to the matters set forth herein. The rights and remedies herein provided are cumulative and not exclusive of any remedies provided by law or any other agreement, and this Guaranty shall be in addition to any other guaranty of the Obligations. The invalidity or unenforceability of any one or more sections of this Guaranty shall not affect the validity or enforceability of its remaining provisions. Captions are for the ease of reference only and shall not affect the meaning of the relevant provisions. The meanings of all defined terms used in this Guaranty shall be equally applicable to the singular and plural forms of the terms defined.

THE UNDERSIGNED KNOWINGLY, VOLUNTARILY, INTENTIONALLY AND IRREVOCABLY WAIVE ANY RIGHTS THE UNDERSIGNED MAY HAVE TO A TRIAL BY JURY IN RESPECT OF ANY LITIGATION, ACTION OR PROCEEDING WHICH ARISES OUT OF, OR IS IN ANY WAY CONNECTED WITH THIS GUARANTY OR ANY OTHER INSTRUMENT OR DOCUMENT EXECUTED IN CONNECTION WITH THE PURCHASE AND SALE OF THE SHARES REFERRED TO ABOVE, THE AGREEMENT OR ANY OF THE TRANSACTIONS CONTEMPLATED HEREIN OR THEREIN. THE GUARANTORS EACH HEREBY CERTIFIES THAT NO REPRESENTATIVE, EMPLOYEE,

AGENT OR COUNSEL OF THE INDEMNITEES HAS REPRESENTED, WHETHER EXPRESSLY OR OTHERWISE, THAT THE INDEMNITEES WOULD NOT IN THE EVENT OF SUCH LITIGATION, ACTION OR PROCEEDING, SEEK TO ENFORCE THIS WAIVER OF RIGHT TO A TRIAL BY JURY.

IN WITNESS WHEREOF, each of the Guarantors has caused this Guaranty to be executed and delivered as of the date appearing on page one.

WITNESS:

Joseph F. Whiney, Jr.
Print/Type Full Name

GUARANTORS:

Charles E. Bradley,

ADDRESS FOR NOTICES:

c/o Stanwick Partners, Inc.
One Stamford Landing
Stamford, CT 06092

WITNESS:

William L. Brunnewer Jr.
Print/Type Full Name

Charles E. Bradley, Jr.

ADDRESS FOR NOTICES:

c/o Consumer Portfolio Services, Inc.
2 Ada - Suite 100
Irvine, CA 92618