# Exhibit C

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

JONATHAN H. PARDEE AND CAROL HAVICAN, AS TRUSTEE OF THE JONATHAN H. PARDEE CHARITABLE REMAINDER TRUST,

Plaintiffs,

v.

CONSUMER PORTFOLIO SERVICES, INC.,

Defendant.

C.A. No. 01-594 S

CONSUMER PORTFOLIO SERVICES, INC.,

Counterclaim Plaintiff,

v.

JONATHAN H. PARDEE; JONATHAN H. PARDEE CHARITABLE REMAINDER TRUST; DUNBAR/WHEELER TRUST; OGDEN H. SUTRO,

Counterclaim Defendants.

**AMENDED COMPLAINT**

This is an action by plaintiffs Jonathan H. Pardee ("Pardee") and Carol Havican, Trustee of the Jonathan H. Pardee Charitable Remainder Trust (the "Trust"), for indemnification from defendant Consumer Portfolio Services, Inc. ("CPS") for damages that Pardee and the Trust have incurred, and will continue to incur, as a result of a lawsuit pending against Pardee in the Los Angeles County, California, Superior Court (the "California Litigation"), and an action pending against Pardee and the Trust in the United States Bankruptcy Court for the District of

Connecticut (the "Connecticut Litigation"). Both actions arose out of Stanwich Financial Services, Corp.'s ("Stanwich") default on periodic payment obligations to approximately two hundred former tort plaintiffs ("Payees") from around the country who entered into structured settlements to settle their individual actions. Stanwich was contractually obligated to make periodic payments to these Payees for the next twenty (20) years.

Pardee and the Trust were shareholders in Stanwich, then known as Settlement Services Treasury Assignments, Inc. ("SSTAI"), until May 20, 1997, when each sold his or its interest therein pursuant to the terms of a Stock Purchase Agreement By and Among Settlement Services Treasury Assignments, Inc. and SST Acquisition Corp. ("Stock Purchase Agreement"). CPS was a party to that agreement, and agreed to indemnify Pardee and the Trust for, inter alia, any damages arising out of Stanwich's subsequent failure to make any periodic payments and any claim that the purchase and sale constituted a fraudulent transfer or conveyance. Despite Pardee's and the Trust's requests for indemnification following Stanwich's defaults and the commencement of the fraudulent transfer litigation in Connecticut, CPS has refused to do so.

## Parties and Jurisdiction

1. Plaintiff Jonathan H. Pardee is a resident of Newport, Rhode Island.

2. Plaintiff Carol P. Havican, Trustee of the Jonathan H. Pardee Charitable Remainder Trust, is a resident of Newport, Rhode Island.

3. Defendant Consumer Portfolio Services, Inc. is, on information and belief, a corporation organized and existing under the laws of the State of California.

## General Allegations

4. A structured settlement is a tax-driven vehicle for settling a tort action, typically actions for personal injury, products liability, or medical malpractice. In a structured settlement,

the plaintiff enters into a settlement agreement with a defendant that provides for periodic payments in settlement of his or her claims. The defendant then assigns the liability under the settlement agreement to a third party assignment company in exchange for a one-time cash payment. The assignment company makes periodic payments to the original tort plaintiffs and, typically, a lump sum payment when the stream of periodic payments runs out.

5. Stanwich is a structured settlement assignment company for over 200 structured settlements that were established in the late 1970s and early 1980s when Stanwich was known as IBAR, Inc., Merrill Lynch IBAR, Inc., Merrill Lynch Settlement Services, Inc., or ML Settlement Services, Inc.

6. Jonathan Pardee was an officer and majority shareholder of Stanwich from March 1, 1993, until May 20, 1997, when it was known as SSTAI. The Trust was a minority shareholder. Stanwich changed its name from SSTAI immediately following Pardee's and the Trust's sale of their interests in SSTAI in 1997. Neither Pardee nor the Trust has had any involvement with, employment by, or ownership interest in, SSTAI or Stanwich since May 20, 1997.

7. The following individuals or entities were party to the Stock Purchase Agreement governing the sale of Pardee's and the Trust's respective interests in SSTAI:

(a) Pardee and the minority shareholders of SSTAI, the Trust and the Dunbar/Wheeler Trust, collectively and individually referred to in the Stock Purchase Agreement as the "Sellers;"

(b) Ogden H. Sutro, as the beneficiary of the Dunbar/Wheeler Trust;

(c) SST Acquisition Corp., referred to as the "Purchaser" in the Stock Purchase Agreement; and

(d) CPS, referred to as the "Indemnitor" in the Stock Purchase Agreement.

8. In Section 9.02(a) of the Stock Purchase Agreement, CPS, as Indemnitor, agreed and obligated itself to, inter alia:

> Indemnify and hold each of the Sellers, Sutro and each of the Seller's trustees and agents (collectively, the "Seller Indemnified Parties") harmless from and against, and agree to defend promptly each of the Seller Indemnified Parties for, any and all losses, damages, costs, expenses, fines, penalties, settlement payments and expenses, liabilities, obligations and claims of any kind, including, without limitation, reasonable attorneys' fees and other legal and professional costs and expenses (hereinafter referred to collectively as "Seller Losses"), that any of the Seller Indemnified Parties may at any time suffer or incur, or become subject to, as a result of or in connection with the following (the "Seller Claims"): . . . (iv) any failure of the Purchaser, the Indemnitor and/or the Company [SSTAI or Stanwich], after the date hereof, to carry out and perform its obligations under any agreement, instrument or other document to which the Company is now bound or becomes bound, (v) any fraudulent behavior by the Company, the Purchaser and/or the Indemnitor arising after the date hereof, (vi) any claim that the purchase and sale of the Shares constitutes a fraudulent transfer or fraudulent conveyance under applicable federal or state law and (vii) any failure to fulfill any obligation of the Sellers, the Company [SSTAI or Stanwich] and/or the SSTAI Trust to any Payee as and when due any time after the closing date.

9. Beginning in the fourth quarter of 2000, Stanwich stopped making the periodic payments that were due and owing under the structured settlement agreements.

10. As a result of Stanwich's failure to make the structured settlement payments, the Payees filed dozens of individual and class action lawsuits in California against Stanwich and virtually every other entity or individual ever associated with the structured settlements, including Pardee. These cases were consolidated and assigned to the complex litigation calendar of the Los Angeles County, California, Superior Court.

11. Pardee already has incurred, and will continue to incur, substantial Seller Losses, as defined under the Stock Purchase Agreement in connection with the California Litigation, including, but not limited to, attorneys' fees and costs for which CPS is obligated to indemnify Pardee. These Seller Losses already exceed $25,000.

12. On or about June 25, 2001, Stanwich filed a Chapter 11 bankruptcy case in the United States Bankruptcy Court for the District of Connecticut.

13. On or about May 3, 2002, the Official Committee of Unsecured Creditors of Stanwich Financial Services Corp. ("Creditors' Committee"), as Estate Representative and on behalf of Stanwich and its creditors, commenced an adversary proceeding against both Pardee and the Trust in the Bankruptcy Court. The Creditors' Committee asserted claims for, among other things, fraudulent conveyance under 11 U.S.C. § 544(b).

14. Pardee and the Trust already have incurred, and will continue to incur, substantial Seller Loses, as defined under the Stock Purchase Agreement in connection with the Connecticut Litigation, including, but not limited to, attorneys' fees and costs for which CPS is obligated to indemnify Pardee and the Trust. These Seller Losses exceed $25,000.00.

15. Pursuant to the provisions of Paragraph 9.02(a) of the Stock Purchase Agreement, CPS has an obligation to indemnify Pardee and the Trust for all "Seller Losses," defined as "any and all losses, damages, costs, expenses, fines, penalties, settlement payments and expenses, liabilities, obligations and claims of any kind, including, without limitation, reasonable attorneys' fees and other legal and professional costs and expenses that . . . [Pardee and the Trust] may at any time suffer or incur, or become subject to, as a result of or in connection with" the California and Connecticut Litigation. CPS also has an obligation to fund the costs of defense of Pardee and the Trust in that litigation.

16. On or about May 29, 2001, Pardee made a written indemnification demand on CPS, including a demand that CPS indemnify and pay for Pardee's attorneys' fees incurred in connection with the defense of the California Litigation. Pardee sent copies of the demand to CPS and its attorneys in accordance with the terms of the Stock Purchase Agreement. When the

United States Postal Service returned the demand that Pardee sent to CPS as non-deliverable, Pardee sent a copy of the demand to CPS's counsel in the California Litigation on June 15, 2001.

17. CPS responded to Pardee's indemnification demands by letter dated June 19, 2001. CPS denied any obligation to indemnify Pardee.

18. On or about October 11, 2002, Pardee and the Trust made written indemnification demands on CPS, including a demand that CPS indemnify and pay for Pardee's and the Trust's attorneys' fees incurred in connection with the defense of the Connecticut Litigation. Pardee and the Trust sent copies of the demand to CPS and its attorneys in accordance with the terms of the Stock Purchase Agreement.

19. CPS denied Pardee's and the Trust's indemnification demands relating to the Connecticut Litigation on October 30, 2002.

**COUNT ONE: BREACH OF CONTRACT**

20. Pardee and the Trust incorporate by reference and reallege paragraphs 1-19 above.

21. Stanwich failed to make contractually required payments to the Payees beginning in or about November, 2000. As a result, the Payees commenced lawsuits against Pardee and a number of other defendants in California.

22. Pardee has incurred, and will continue to incur, substantial expenses in defending the California Litigation, including, but not limited to, attorneys' fees and costs.

23. Pursuant to the express right of contractual indemnity between Pardee as a Seller, and CPS as Indemnitor, in the Stock Purchase Agreement, Pardee is entitled to recover from CPS the substantial expenses that he has incurred, and will continue to incur, in connection with the California Litigation, as well as his other Seller's Losses, as defined in the Stock Purchase Agreement, and to be indemnified from CPS for any damages, expenses, or losses that he might

sustain as a result of the events alleged above. Pardee also is entitled to entry of an Order requiring CPS to fund Pardee's costs of defense in the California Litigation.

24. CPS has breached its contractual obligations to Pardee in failing to indemnify him as the Stock Purchase Agreement requires, and in failing and continuing to fail to provide for the costs of his defense in the California Litigation.

25. Pardee has incurred substantial damages as a result of CPS's breach.

## COUNT TWO: BREACH OF CONTRACT

26. Pardee and the Trust incorporate by reference and reallege paragraphs 1-25 above.

27. As a result of Stanwich's failure to make contractually required payments to Payees in the California Litigation, and seeming inability to satisfy certain debts due and owing other creditors, Stanwich filed for bankruptcy in 2001.

28. Subsequent thereto, the Creditors' Committee commenced an adversary proceeding against Pardee and the Trust, asserting, among other things, that SST Acquisition Corp.'s purchase of Pardee's and the Trust's interests in SSTAI constituted a fraudulent conveyance.

29. Pursuant to the express right of contractual indemnity between Pardee and the Trust as Sellers, and CPS as Indemnitor, in the Stock Purchase Agreement, Pardee and the Trust are entitled to recover from CPS the substantial expenses that each has incurred, and will continue to incur, in connection with the Connecticut Litigation, as well as other Seller's Losses, as defined in the Stock Purchase Agreement, and to be indemnified from CPS for any damages, expenses, or losses that each might sustain as a result of the events alleged above. Pardee and the Trust are also entitled to entry of an Order requiring CPS to fund Pardee's and the Trust's costs of defense in the Connecticut Litigation.

30. CPS has breached its contractual obligations to Pardee and the Trust in failing to indemnify each as the Stock Purchase Agreement requires, and in failing and continuing to fail to provide for the costs of their defenses in the Connecticut Litigation.

31. Pardee and the Trust have incurred substantial damages as a result of CPS's breach.

## COUNT THREE: DECLARATORY RELIEF

32. Pardee and the Trust incorporate by reference and reallege paragraphs 1-31 above.

33. Pardee and the Trust made written demands for indemnification on CPS in 2001 and 2002. CPS denied any indemnification obligations. CPS also has failed to make indemnification payments to Pardee and the Trust that the Stock Purchase Agreement required.

34. An actual controversy exists between Pardee, the Trust, and CPS regarding the correct interpretation of the Stock Purchase Agreement that substantially affects Pardee's and the Trust's substantive rights under the Stock Purchase Agreement.

35. Pardee and the Trust seek a judicial declaration, pursuant to R.I. Gen. Laws § 9-30-1 et seq., of their rights to indemnification from CPS in connection with the California and Connecticut Litigation.

WHEREFORE, Pardee and the Trust pray for judgment against CPS as follows:

1. For damages according to proof;

2. For indemnification of "any and all losses, damages, costs, expenses, fines, penalties, settlement payments and expenses, liabilities, obligations and claims of any kind, including, without limitation, reasonable attorneys' fees and other legal and professional costs and expenses" that Pardee or the Trust have incurred or may incur or become subject to in connection with the California and Connecticut Litigation and any other related lawsuits;

3. For a preliminary and permanent injunction requiring CPS to fund the costs of Pardee's and the Trust's defenses in the California and Connecticut Litigation pursuant to the terms of the Stock Purchase Agreement;

4. For a judicial determination of the obligation of CPS to indemnify Pardee and the Trust for all Seller's Losses incurred in connection with the California and Connecticut Litigation and provide for payment of all defense costs in connection with the defense of those actions;

5. For costs of suit herein incurred;

6. For attorneys' fees herein incurred pursuant to R.I. Gen. Laws § 9-1-45; and

7. For such other and further relief as the court may deem proper.

JONATHAN H. PARDEE and CAROL HAVICAN, TRUSTEE OF THE JONATHAN H. PARDEE CHARITABLE REMAINDER TRUST

By their Attorneys,

Gerald J. Petros (#2931)
Christopher R. Bush (#5411)
Hinckley, Allen & Snyder LLP
1500 Fleet Center
Providence, RI 02903
(401) 274-2000
(401) 277-9600 (Facsimile)

Dated: January 14, 2003

**CERTIFICATION**

TO:

Christopher H. Little, Esq.
Little, Bulman, Medeiros & Whitney
72 Pine Street
Providence, RI 02903

Craig M. Scott, Esq.
Duffy & Sweeney
76 Westminster Street
Providence, RI 02903

I certify that a copy of the within Amended Complaint was mailed to counsel of record, as set forth above, on January 14TH, 2003.

Donna M. Falcon