# Exhibit J

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

| | |
|---|---|
| IN RE:<br><br>STANWICH FINANCIAL SERVICES CORP.,<br><br>DEBTOR. | CHAPTER 11<br><br>CASE NO.: 01-50831 (AHWS) |

**LIQUIDATING AGENT'S MOTION FOR APPROVAL OF SETTLEMENT AND COMPROMISE WITH SIMULTANEOUS DISMISSAL OF ACTION AGAINST JONATHAN H. PARDEE, CAROL H. PARDEE, OGDEN H. SUTRO, VIRGINIA S. MORSE, AND PETER M. DODGE AND MEMORANDUM OF LAW IN SUPPORT THEREOF**

TO THE HONORABLE ALAN H.W. SHIFF, UNITED STATES BANKRUPTCY JUDGE:

Ivey, Barnum & O'Mara, LLC, through its designated representative Melissa Zelen Neier, in its capacity as liquidating agent (the "Liquidating Agent") of Stanwich Financial Services Corporation (the "Debtor" or "Liquidating Debtor") hereby moves this Court, pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 41(a)(2) of the Federal Rules of Civil Procedure, made applicable to these proceedings by Rule 7041 of the Bankruptcy Rules, for an order authorizing it to resolve its disputes with Consumer Portfolio Services, Inc. ("CPS"), Jonathan H. Pardee, Carol H. Pardee (formerly Havican), as an individual and as Trustee of the Jonathan H. Pardee Charitable Remainder Trust (together, Pardee and Carol H. Pardee are referred to hereinafter as the "Pardee Parties"), Ogden H. Sutro ("Sutro"), Virginia S. Morse, as an individual and as co-Trustee of the Dunbar Wheeler Trust, and Peter M. Dodge, as an individual and as co-Trustee of the Dunbar Wheeler Trust (together, Sutro, Virginia S. Morse and Peter M. Dodge are referred to hereinafter as the "Sutro Parties), pursuant to a certain settlement agreement with CPS, as set forth more fully below, which shall

include and be conditioned upon the dismissal, with prejudice, of the Pardee Parties and Sutro Parties from that certain adversary proceeding (the "Adversary Proceeding") commenced on May 3, 2002 by the Official Committee of Unsecured Creditors of the Debtor (the "Committee") against the Pardee Parties, the Sutro Parties and other defendants. In support of this motion ("the Motion"), the Liquidating Agent respectfully represents as follows:

## INTRODUCTION

1. This Motion is made pursuant to Bankruptcy Rules 9019 and 7041. This is a core proceeding under 28 U.S.C. § 157(b) (2) (A) and (O).

## BACKGROUND

2. On June 25, 2001, the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Connecticut, Bridgeport Division (the "Court").

3. On May 3, 2002, the Committee commenced the Adversary Proceeding against, among others, the Pardee Parties and the Sutro Parties as selling shareholders in the purchase and sale of Settlement Services Treasury Assignments, Inc. ("SSTAI"), later renamed Stanwich Financial Services Corp.

4. Pardee filed proof of claim number 149 (the "Pardee Claim") which claim was objected to by the Debtor and the Committee. By stipulation so ordered by this Court on January 8, 2004, by and among the Debtor, the Committee, Bankers Trust Company ("Bankers Trust") and Pardee, the parties agreed that the Pardee Claim is at best a subordinated, Class 8 claim under the Liquidating Debtor's confirmed plan of reorganization. As described in the

accompanying certification of Melissa Zelen Neier (the "Neier Certification"), no distribution will be made to Class 8 claims. A true and correct copy of the Neier Certification is annexed hereto as Exhibit "A".

5. Thomas L. Christie has also filed a proof of claim against the Estate in the amount of $500,000 (the "TLC Claim"). The TLC Claim was subsequently assigned to CPS. The Liquidating Agent has filed an objection to the TLC Claim.

6. The Court confirmed the Debtor's plan of reorganization (the "Plan") on January 14, 2004. The Plan's effective date occurred on May 10, 2004 (the "Effective Date").

7. Pursuant to Section V.B.1 of the Plan, on the Effective Date, the firm of Ivey, Barnum & O'Mara, LLC was appointed as the Debtor's liquidating agent with all the rights and powers of a trustee under the Bankruptcy Code, and Melissa Zelen Neier was appointed as the designated agent of the Liquidating Agent.

8. Pursuant to Section V.M.2 of the Plan, an executive committee (the "Executive Committee"), consisting of three designees of Bankers Trust, was formed. The Executive Committee's duties include reviewing and approving proposed settlements of adversary proceedings and proposed settlements of disputed claims involving the Liquidating Debtor.

9. Under Section V.B.1 and V.B.2 of the Plan, the Liquidating Agent is authorized and empowered, *inter alia*, to exercise all of the powers of the Debtor in the place of and to the exclusion of the Debtor's board of directors and officers and, subject to review and approval of the Executive Committee, to manage, operate, improve and protect the Debtor's property, provided that any compromise in which the amount at issue exceeds $50,000 may not be consummated without the authorization and approval of the Executive Committee and this Court.

The Liquidating Agent and the Executive Committee have approved the compromise and settlement which is the subject of this Motion.

10. On or about May 15, 2006, CPS and the Liquidating Agent, with approval from the Executive Committee, executed a term sheet (the "Term Sheet") outlining the terms for the proposed settlement and compromise (the "Settlement and Compromise") which is the subject of this Motion. A copy of the Term Sheet is annexed hereto as Exhibit "B".

**DESCRIPTION OF PROPOSED SETTLEMENT AND COMPROMISE**

11. The following is a summary of the principal terms of the proposed Settlement and Compromise:

(a) The Liquidating Agent shall cause its claims against the Pardee Parties and the Sutro Parties in the Adversary Proceeding to be dismissed with prejudice and without costs;

(b) In consideration of its dismissing the foregoing claims against the Pardee Parties and the Sutro Parties,, the Liquidating Agent shall receive the sum of $625,000 in good funds from CPS, which sum the Liquidating Agent is currently holding in escrow;

(c) The TLC Claim shall be deemed withdrawn upon the Court's approval of this Motion;

(d) The Pardee Claim shall be deemed withdrawn upon the Court's approval of this Motion;

(e) The Liquidating Agent expressly reserves all rights and claims against the remaining co-defendants in the Adversary Proceeding, said co-defendants being Bear Stearns & Co., Inc., First Union Capital Markets Corporation, Hinckley, Allen & Snyder, LLP, Scott A. Junkin, P.C., and John Does 1-20;

(f) Upon dismissal of the Adversary Proceeding as against the Pardee and Sutro Parties, the Court will direct the Pardee Parties to withdraw their pending appeal concerning the Liquidating Agent's motion to amend the complaint in the Adversary Proceeding.

## GROUNDS FOR RELIEF REQUESTED

I. Settlement and Compromise

12. Bankruptcy Rule 9019(a) permits this Court, following notice and a hearing as provided by Bankruptcy Rule 2002, to approve a compromise or settlement of claims. The Rule provides:

> (a) *Compromise*. On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the United States trustee, the debtor, and indenture trustees as provided in Rule 2002 and to any other entity as the court may direct.

Bankruptcy Rule 9019(a). Neither Rule 9019(a) nor any section of the Bankruptcy Code explicitly sets forth the standards by which a court is to evaluate a proposed settlement for approval. However, the standards for approval of settlements and compromises in bankruptcy cases are well-established and focus upon whether the proposed settlement is reasonable and in the best interests of creditors. In *Protective Committee for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414 (1968), *reh'g denied*, 391 U.S. 909 (1968), the seminal case on approval of settlements in bankruptcy cases, the United States Supreme Court held that the court must make an informal, independent judgment as to whether a settlement is fair and equitable, and explained as follows:

> There can be no informed and independent judgment as to whether a proposed compromise is fair and equitable until the bankruptcy judge has apprised himself of all facts necessary for an intelligent and objective opinion of the probabilities of ultimate success

> should the claim be litigated. Further, the judge should form an educated estimate of the complexity, expense, and likely duration of such litigation, the possible difficulties of collecting on any judgment which might be obtained, and all other factors relevant to a full and fair assessment of the wisdom of the proposed compromise. Basic to this process in every instance, of course, is the need to compare the terms of the compromise with the likely rewards of litigation.

*Anderson*, 390 U.S. at 424 (citations omitted).

13. The United States Court of Appeals for the Second Circuit has stated that the responsibility of the judge "is not to decide the numerous questions of law and fact raised by appellants, but rather to canvass the issues and see whether the settlement 'fall[s] below the lowest point in the range of reasonableness." *In re W.T. Grant Co.*, 699 F.2d 599, 608 (2d Cir. 1983), *cert. denied sub nom.*, *Cosoff v. Rodman*, 464 U.S. 822 (1983). See *In re Purofied Down Products Corp.*, 150 B.R. 519, 522-23 (S.D.N.Y. 1993); *In re Crowthers McCall Pattern, Inc.*, 120 B.R. 279, 287 (Bankr. S.D.N.Y. 1990); *In re Carla Leather, Inc.*, 44 B.R. 457, 470 (Bankr. S.D.N.Y. 1984), aff'd, 50 B.R. 764 (S.D.N.Y. 1984). In evaluating the propriety of a settlement, the court need not conduct a trial, "mini-trial," or "rehearsal of the trial" on the merits to actually resolve the extant factual and legal issues, but must simply consider whether against the background of those issues, the settlement is reasonable. *Newman v. Stein*, 464 F.2d 689, 692 (2d Cir.), *cert. denied sub nom.*, *Benson v. Newman*, 409 U.S. 1039 (1972); See also *In Re International Distribution Centers, Inc.*, 103 B.R. 420, 423 (S.D.N.Y. 1989); *In re Drexel Burnham Lambert Group, Inc.*, 134 B.R. 493, 496 (Bankr. S.D.N.Y. 1991).

## II. Dismissal of Adversary Proceeding As Against the Pardee Parties and the Sutro Parties

14. Upon a plaintiff's request, Rule 41(a)(2) of the Federal Rules of Civil Procedure, made applicable to these proceedings by Rule 7041 of the Bankruptcy Rules, permits this Court

to dismiss the Adversary Proceeding against the Pardee and Sutro Parties upon such terms the Court deems proper. For the reasons set forth below, the Liquidating Agent believes that the terms proposed for settling its disputes with CPS and the Pardee Parties and Sutro Parties are proper and in the best interest of the Estate and its creditors.

## REASONS TO APPROVE THE PROPOSED SETTLEMENT AND COMPROMISE WITH SIMULTANEOUS DISMISSAL OF PARDEE PARTIES AND SUTRO PARTIES

The Liquidating Agent believes that the proposed Settlement and Compromise, which includes and is conditioned upon the dismissal of the Adversary Proceeding against the Pardee Parties and the Sutro Parties, is in the best interests of the Liquidating Debtor and its creditors and would specifically benefit the Liquidating Debtor in the following respects:

(a) The proposed Settlement and Compromise would enable the Liquidating Agent to avoid the time and significant expense of litigating the TLC Claim, the Pardee Claim, its objection to those claims and the Adversary Proceeding against the Pardee Parties and the Sutro Parties; and

(b) The proposed Settlement and Compromise contemplates the withdrawal of the TLC Claim and the Pardee Claim and will enable the Liquidating Agent to make larger distributions to the Debtor's unsecured creditors to the extent that (i) funds have been reserved to pay interim distributions with regard to the TLC Claim, and (ii) the Liquidating Agent will have received the sum of $625,000 from CPS, which will be immediately available for distribution to unsecured creditors.

WHEREFORE, the Liquidating Agent requests that this Court (i) approve the proposed Settlement and Compromise on the terms set forth herein, (ii) dismiss with prejudice and without costs the Adversary Proceeding as against the Pardee Parties and the Sutro Parties only, (iii) direct the Pardee Parties to withdraw their pending appeal with respect to said Adversary Proceeding, and (iv) authorize and direct the Liquidating Agent to take all such actions as may be necessary or appropriate to effect the Settlement and Compromise.

Dated at Greenwich, Connecticut this 26th day of September, 2006.

STANWICH FINANCIAL SERVICES CORP.

IVEY, BARNUM & O'MARA, LLC
Its Liquidating Agent

By: /s/ Melissa Zelen Neier
Melissa Zelen Neier
Federal Bar No.: ct 25055
Ivey, Barnum & O'Mara, LLC
170 Mason Street
Greenwich, CT 06830
Telephone: (203)682-7741
Facsimile: (203) 661-9462
E-mail: mneier@ibolaw.com