# Exhibit D

ORIGINAL

René P. Tatro (State Bar No.)
David B. Sadwick (State Bar No. 126268)
TATRO TEKOSKY SADWICK MENDELSON LLP
444 South Flower Street, 42nd Floor
Los Angeles, California 90071
Telephone: (213) 225-7171
Facsimile: (213) 627-7011

Attorneys for Defendant,
HINCKLEY, ALLEN & SYNDER. LLP

**BY SPECIAL APPEARANCE ONLY**

FILED
LOS ANGELES SUPERIOR COURT
NOV 12 2004
NOV 19 2004
JOHN A. CLARKE, CLERK
BY M. DERMENJIAN, DEPUTY

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

| | |
|---|---|
| IN RE STRUCTURED SETTLEMENT LITIGATION | Case No. BC 244111 |
| RICHARD M. STUBER, et. al., Cross-Complainant, v. MERRILL, LYNCH, PIERCE, FENNER & SMITH, INCORPORATED, et al., Cross-Defendants. | ~~[PROPOSED]~~ **ORDER** [Cal. Civ. Pro. §§ 418.10(a)(1)] Date: November 3, 2004 Time: 10:30 a.m. Dept.: 322 – Central Civil West Judge: Hon. Peter D. Lichtman |
| AND RELATED CASES | |
| BANKERS TRUST COMPANY, Cross-Complainant, v. CONSUMER PORTFOLIO SERVICES, INC. Cross-Defendant | |
| CONSUMER PORTFOLIO SERVICES, INC. Cross-Defendant v. HINCKLEY, ALLEN & SNYDER, LLP Cross-Defendant | |

Tatro Tekosky Sadwick Mendelson LLP
ATTORNEYS AT LAW

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that the motion of cross-defendant Hinckley, Allen & Snyder LLP to quash service of process for lack of personal jurisdiction of the cross-complaint of cross-complainant Consumer Portfolio Services, Inc. ("CPS") came on for a regularly noticed hearing on November 3, 2004.

CPS appeared through Michael Lavin, Esq. Hinckley, Allen & Snyder, LLP, made a limited appearance through René Tatro, Esq. of Tatro Tekosky Sadwick Mendelson LLP. In connection with the hearing, the Court had received and considered the moving papers of Hinckley, Allen & Snyder (comprised of a notice of motion, supporting memorandum of points and authorities, declaration of William Grimm and exhibits thereto, and the declaration of Malcolm Farmer, III and exhibits thereto), the opposition papers of CPS (comprised of a memorandum of points and authorities in opposition to the motion, the declaration of Mark Creatura and exhibits thereto), and the reply papers of Hinckley, Allen & Snyder LLP (comprised of a memorandum of points and authorities). In addition, the Court at the hearing received oral argument from counsel for Hinckley, Allen & Snyder LLP and CPS.

After hearing the arguments of counsel and considering the above-referenced briefs and supporting evidence, the Court found as follows:

1. Hinckley, Allen & Snyder LLP made a prima facie showing that it was not subject to general jurisdiction in California and is not subject to specific personal jurisdiction in California with respect to the claims set forth in the CPS cross-complaint. This showing was based on the law and the evidence.

2. Once Hinckley, Allen & Snyder LLP made this showing, the burden was on CPS to produce evidence sufficient to support either general jurisdiction in California or specific jurisdiction with respect to the claims set forth in the CPS cross-complaint.

3. The underlying claim of CPS arises out of a transaction in which a Connecticut entity purchased the stock of a Rhode Island entity from sellers based in the Northeastern United States. Hinckley, Allen & Snyder LLP does not, and has never,

represented CPS. The purchase and sale transaction was governed by Rhode Island law. The Connecticut purchaser in the transaction was represented by non-California counsel. The transaction was negotiated and closed on the east coast. Hinckley, Allen & Snyder LLP was involved in the transaction as counsel for a Rhode Island resident selling the stock. Hinckley, Allen & Snyder LLP is a Rhode Island limited liability partnership with offices only in the northeastern United States. Hinckley, Allen & Snyder LLP lawyers did not travel to California in connection with the transaction. CPS was neither purchaser nor seller in the transaction, but did sign the stock purchase agreement as an indemnitor on an indemnity running to the sellers, which indemnity was governed by Rhode Island law, and was subject to the exclusive jurisdiction of the Rhode Island courts.

4. The evidence of the contacts of Hinckley, Allen & Snyder LLP with California, as set forth in more detail in the declaration of William Grimm and the exhibits thereto, was insufficient to support of finding of general jurisdiction. Moreover, CPS failed to make any argument or showing with respect to general jurisdiction.

5. The primary basis for the CPS claim of specific jurisdiction is an opinion letter written by Hinckley, Allen & Snyder LLP to the purchaser in the above-mentioned transaction. CPS was not an addressee of the letter, and, as mentioned above, was not the purchaser in the transaction. The letter provided, among other things, as follows: "Reliance Upon Opinion. This Opinion may be relied upon by you [Buyer] only in connection with the Transaction and may not be used or relied upon by you or any other person for any purpose whatsoever without in each instance our prior written consent ...." This opinion letter does not provide a basis for specific jurisdiction over Hinckley, Allen & Snyder LLP on a claim by CPS in California.

6. The other bases on which CPS claims specific jurisdiction over Hinckley, Allen & Snyder LLP are insufficient to justify such jurisdiction.

For all the reasons set forth above, as well as the statements made by the Court at the hearing, and based on all the briefs, evidence and oral arguments of counsel, the Court orders as follows:

The motion of Hinckley, Allen & Snyder LLP to quash service of process of the CPS cross-complaint for lack of personal jurisdiction is granted.

IT IS SO ORDERED.

Dated:____________________

____________________
Honorable Peter D. Lichtman
Judge of the Superior Court

Submitted by:

Rene Tatro /gam
Rene P. Tatro, Esq.
Attorneys for Defendant,
Hinckley, Allen & Synder. LLP

Approved By:

____________________
Michael T. Lavin, Esq.
Attorneys for Plaintiff
Consumer Portfolio Services, Inc.

For all the reasons set forth above, as well as the statements made by the Court at the hearing, and based on all the briefs, evidence and oral arguments of counsel, the Court orders as follows:

The motion of Hinckley, Allen & Snyder LLP to quash service of process of the CPS cross-complaint for lack of personal jurisdiction is granted.

IT IS SO ORDERED.

Dated: 11/19/04

Honorable Peter D. Lichtman
Judge of the Superior Court

Submitted by:

Rene P. Tatro, Esq.
Attorneys for Defendant,
Hinckley, Allen & Synder. LLP

Approved By:

Michael T. Lavin, Esq.
Attorneys for Plaintiff
Consumer Portfolio Services, Inc.

Tatro Tekosky Sadwick Mendelson LLP
ATTORNEYS AT LAW

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the county of Los Angeles, State of California. I am over the age of 18

On November 12, 2004, I caused to be served the foregoing documents(s) described as:

**[PROPOSED] ORDER**

on the interested parties in this action as follows:

X by placing a true copy thereof enclosed in sealed envelopes addressed as stated on:

Mark A. Creatura, Esq.
Michael Lavin, Esq.
**Consumer Portfolio Services**
16355 Laguna Canyon Road
Irvine, CA 92618-3801
Telephone: 949/ 450-3014
Facsimile: 949/ 753-6897
Attorneys for Defendant Consumer Portfolio Services

**BY MAIL**

X As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under the practice it would be deposited with the U.S. Postal Service on the same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

**BY FEDERAL EXPRESS**

__ I deposited in a box or other facility maintained by Federal Express, an express carrier service, or delivered to a courier or driver authorized by said express carrier service to receive documents, a true copy of the foregoing document, in an envelope designated by said express service carrier, with delivery fees paid or provided for.

**BY FTP UPLOAD TO EXTRAACCESS**

__ By submitting an electronic version of the document via FTP Upload to ExtraAccess Services, Inc. for posting on its website.

Executed on November 12, 2004, at Los Angeles, California.

X (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Karen L. Roberts

Tatro Tekosky Sadwick Mendelson LLP
ATTORNEYS AT LAW