**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| JONATHAN H. PARDEE, *et al.*, Plaintiffs, | ) | C.A. No. 07-023 L |
| v. | ) | |
| CHARLES E. BRADLEY, JR., *et al.*, Defendants. | ) | **Hearing Requested L.R. Civ. 7(e)** |

**REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, STAY**

Plaintiffs' opposition memorandum is nearly overflowing with factual errors and mischaracterizations, but the Bradleys, in this reply, will only address a handful of those issues. With respect to the factual events that gave rise to this case and the related CPS case, suffice to say that the pleadings in the California, Connecticut and Hawkins cases all make clear that Pardee was hardly an innocent bystander dragged into a maelstrom of litigation "simply because he sold his interest" in SSTAI. *See* Pls.' Memo. at 4. The assertion that all of the underlying cases "have concluded in Pardee's favor" is simply false, *see* id. at 13, and the Bradleys have *never* admitted that "Pardee's only alleged affirmative representation was true." *See* id. at 18.

As to legal issues, Plaintiffs repeatedly mischaracterize the Bradleys' motion as being filed pursuant to Rule 12(b)(6) rather than Rule 12(b)(1), and thus they misstate the proper standard of review. Under a Rule 12(b)(1) motion to dismiss for lack of justiciability, the Court is "free to test the truthfulness of the plaintiff's allegations" and may rely on extrinsic materials, such as those submitted by the Bradleys, in resolving the question of ripeness. *See, e.g.*, Dynamic Image Tech., Inc. v. United States, 221 F.3d 34, 37 (1st Cir. 2000).

Pardee and the JHP Trust either do not understand, or hope the Court will overlook, the material distinction between the defenses to the Limited Guaranty itself and the defenses to the underlying indemnity obligations contained in the SPA. By confounding both sets of defenses (and deceptively quoting the waivers contained in the Limited Guaranty), Pardee argues that even if there is no SPA indemnification liability because of Pardee's misrepresentations and other wrongful conduct, the Bradleys are nevertheless obligated to indemnify him pursuant to the Limited Guaranty. Pardee's position is absurd. The Limited Guaranty is triggered only should CPS "fail to pay or perform any of the [SPA indemnity] Obligations *when due*." *See* Defs.' Exhibit A at ¶ 1 (emphasis added).[1] If no indemnification obligation is "due"—the very question being litigated in the CPS case—there is nothing for the Bradleys to guaranty.

Pardee argues that the Bradleys "waived the right to assert any defense based upon the CPS or any other stay." Pls.' Memo. at 3, 16. However, the Bradleys are not asserting a "defense" based upon the stay in the CPS case. Rather, they assert that this case is unripe—that Pardee's complaint presents a hypothetical and speculative dispute that may or may not even arise depending upon wholly uncertain future events. The lack of any justiciable case or controversy is demonstrated, *inter alia*, by this Court's reasoning in ordering the CPS stay, but the pending and unresolved Connecticut and Hawkins cases would render this case unripe even had Pardee never sued CPS.[2]

---

[1] The Exhibits cited in this reply memorandum refer to the exhibits filed with the Defendants' initial memorandum.

[2] As this Court correctly held, the law in Rhode Island is clear that indemnification claims, whether based on contractual indemnity or the equitable variety, do not become ripe "until the indemnitee's liability is fixed either by entry of judgment holding the indemnitee liable or by the settlement of the underlying claim by the indemnitee on the belief that he is liable." Pardee v. Consumer Portfolio Servs., Inc., 344 F. Supp. 2d 823, 836 (D.R.I. 2004)(citing and discussing numerous authorities to the same effect).

Moreover, to make his stay-waiver argument, Pardee omits essential language in quoting from Paragraph 3 of the Limited Guaranty. The full sentence from which Pardee selectively quotes states:

> The Guarantors waive presentment, demand, protest, notice of acceptance, notice of Obligations incurred and all other notices of any kind, all defenses which may be available by virtue of any valuation, stay, moratorium law or other similar law now or hereafter in effect, any right to require the marshaling of assets of the Company, the Purchaser or the Indemnitor, and all suretyship defenses generally.

Defs.' Exhibit A at ¶ 3; *compare* Pls.' Memo. at 3, 16. Read in context, the word "stay" is clearly used here to refer to a type of statute commonly known as a "stay law" or "moratorium law" which is designed to temporarily halt the collection of debts in times of financial crisis. As Black's defines the term, "stay laws" are:

> Acts of the legislature prescribing a stay of execution in certain cases, or a stay of foreclosure of mortgages, or a closing of the courts for a limited period, or providing that suits shall not be instituted until a certain time after the cause of action arose, or otherwise suspending legal remedies; designed for the relief of debtors, in times of general distress or financial trouble.

Black's Law Dictionary 1413 (6th ed. 1990). As should be obvious, the Bradleys are not moving to dismiss on the basis of any subsequently enacted stay law or moratorium act. The "stay" language in Paragraph 3 of the Limited Guaranty is completely irrelevant to this case.

In quoting the first sentence of Paragraph 4 of the Limited Guaranty, Pardee omits the language that provides the Bradleys are bound as if they were the principal obligors only if, for example, CPS "has no legal existence" or is found to have no obligation under the SPA. *See* Defs.' Exhibit A at ¶ 4; *compare* Pls.' Memo. at 8. Even in such circumstances, however, the Bradleys would be bound to the SPA's indemnification obligations only "to the same extent as if" they had been signatories to that agreement. There is no language that waives any defenses to the SPA they would have in that capacity.

The second sentence of Paragraph 4 merely provides that any amounts actually due under the Limited Guaranty and "subject to acceleration" under the SPA may be accelerated (as to the Bradleys) even if the acceleration (as to CPS) "is stayed upon the insolvency, bankruptcy or reorganization of the Company, the Purchaser, or the Indemnitor, or for any other reason." *See* Defs.' Exhibit A at ¶ 4; *compare* Pls.' Memo. at 8. This provision is not a blanket waiver of all defenses in the event of a stay, and the dispute between the parties in this case has nothing to do with acceleration rights or defenses based on the operation of a bankruptcy stay. Through his creative use of ellipses to omit such clarifying language, Pardee seeks to fundamentally alter the nature and plain meaning of the Limited Guaranty—transforming it into something more akin to an insurance policy or demand note.

Pardee's reliance on duty-to-defend cases is completely misplaced. While duty-to-defend claims may become ripe upon the filing of the underlying claim, *cf.* Cunningham Brothers, Inc. v. Bail, 407 F.2d 1165, 1169 (7th Cir. 1969)(distinguishing between indemnity claims and duty-to-defend claims), Plaintiffs here have not pled any breach of a duty to defend either in this case or in the CPS case. Instead, they have sought only indemnity from CPS and now seek only indemnity from the Bradleys by way of the Limited Guaranty.

Section 9.03(b) of the SPA does contain a provision that would allow Plaintiffs to request that CPS participate or assume the defense of an action that falls within the scope of the indemnity provisions, but that section requires that Plaintiffs *actually request* that CPS defend them. *See* Defs.' Exhibit B at 30. Additionally, that request must be made "promptly" after receiving notice of the suit. *Id.* However, neither Pardee nor the JHP Trust have yet demanded that the Bradleys or CPS defend them. The Complaint in this case seeks only "indemnification" or "payment" to reimburse attorneys fees, costs, and other losses allegedly incurred in

connection with the California, Connecticut, and Hawkins cases. *See* Compl. at ¶¶ 16, 28. The claims for declaratory relief seek "a judicial declaration of the Plaintiffs' rights to *indemnification* of the Seller Losses . . . and of the obligations of the Bradley Defendants to *indemnify* the Plaintiffs for such losses . . . ." *Id.* at ¶ 37 (emphasis added). Other than indemnification, the only alleged breach and request for declaratory relief involves the refusal of Pardee's alleged February 16, 2006 demand, under Paragraph 6 of the Limited Guaranty, that Charles Bradley, Jr., disclose personal tax and financial information.[3] *See id.* at ¶¶ 20, 34, 39; *see also* Defs.' Exhibit A at ¶ 6.

Likewise, in the CPS case, Pardee and the JHP Trust only seek "indemnification" of alleged losses and "a preliminary and permanent injunction requiring CPS *to fund the cost* of Pardee's and the [JHP]Trust's defenses." *See* Defs.' Exhibit C at 8–9 (emphasis added). They do not want CPS to defend them—rather, they only want CPS to "fund the cost" of the scorched-earth defense tactics they have employed in the out-of-state cases. For instance, CPS has reached an agreement with the Liquidating Agent to settle the Connecticut case by paying $625,000 (and giving other substantial consideration) in exchange for the dismissal *with prejudice* of the claims against Pardee in that forum. Yet, Pardee, who would then walk away without paying a cent, has objected and is aggressively opposing bankruptcy court approval of the settlement proposed by the Liquidating Agent because he would rather keep litigating in the apparent belief that he can thereby rehabilitate his business reputation.

This is not a duty-to-defend case, and the potential existence of an un-pled duty-to-defend claim does not render ripe the claims actually contained in the Complaint.

---

[3] Under the Limited Guaranty, the right to demand such information is only triggered by a "default in payment," *see* Defs.' Exhibit A at ¶ 6, and as such, this claim is also unripe, there being no indemnification obligation yet due.

Finally, Pardee repeats prejudice arguments that this Court correctly rejected in determining that the CPS case was unripe. The standard that Pardee must satisfy under the hardship prong of the ripeness analysis does not merely require that he has incurred some costs. He must show that he is presented with a "direct and immediate dilemma," W.R. Grace & Co. v. United States, Envtl. Prot. Agency, 959 F.2d 360, 364 (1st Cir. 1992)(internal quotation omitted), that might result in his expenditures being "largely or entirely wasted." Riva v. Commonwealth of Massachusetts, 61 F.3d 1003, 1010 (1st Cir. 1995). Here, of course, there is no such risk.

**Conclusion**

In light of the CPS stay, this Court has not yet determined what, if any, indemnity obligation CPS owes to the Plaintiffs. The Limited Guaranty at issue here is only triggered should CPS fail to pay that as yet undetermined, and possibly non-existent, obligation should it ever become due. As such, there is no way that this case can become ripe until after the conclusion of the CPS case. Under the proper standard of review, Plaintiffs bear the burden of demonstrating that their claims are ripe. *See, e.g.*, Skwira v. United States, 344 F.3d 64, 71 (1st

Cir. 2003), *cert. denied*, 542 U.S. 903 (2004). They have not done so, and accordingly this action must be dismissed.

Respectfully submitted,

CHARLES E. BRADLEY, JR., and CHARLES E. BRADLEY, Sr.,

By Their Attorneys,

/s/ Christopher H. Little
Christopher H. Little (#1789)

/s/ Scott K. Pomeroy
Scott K. Pomeroy (#6044)
LITTLE MEDEIROS KINDER BULMAN & WHITNEY, P.C.
72 Pine Street
Providence, RI 02903
(401) 272-8080
Fax (401) 521-3555
Email: clittle@lmkbw.com, spomeroy@lmkbw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 11th day of May 2007, I caused a true copy of the within Reply in Support of Defendants' Motion to Dismiss or, in the Alternative, Stay to be filed electronically with the Court's CM/ECF system and thereby served upon each of the following via email:

Marc DeSisto, Esq. (marc@desistolaw.com)
DeSISTO LAW
211 Angell Street
P.O. Box 2563
Providence, RI 02906

/s/ Christopher H. Little

F:\Scott\CPS - Bradley (A124)\Bradley Reply FINAL 050907.doc